**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

UNITED STATES DISTRICT COURT
EATERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE CHAVEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>       vs.<br><br>STANISLAUS CREDIT CONTROL SERVICE, INC.,<br><br>Defendant | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff JOYCE CHAVEZ ("Plaintiff") brings the instant class action claims against Defendant STANISLAUS CREDIT CONTROL SERVICE, INC. ("Defendant") seeking redress for herself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C.*

1
**CLASS ACTION COMPLAINT**

*1692(e)*. Defendant conducts its debt collection business in flagrant violation of the FDCPA by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

## JURISDICTION

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District as Defendant's main corporate office is located in Modesto, California.

## PARTIES

4. Plaintiff is an adult individual residing in Moreno Valley, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), in that the alleged debt that Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

5. Defendant is a corporation with its principal place of business at located in Modesto, California. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect consumer debts alleged to be due to another using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### A.  The Account

6. In and around June of 2016, Plaintiff suffered personal injury to her person and as a result sought treat for said injuries at Riverside Community Hospital ("RCH") located in Riverside, California. As a result of this visit to RCH, Plaintiff received medical treatment and services for which Plaintiff is allegedly responsible for payment. As such, Plaintiff incurred a "debt" arising

2
CLASS ACTION COMPLAINT

out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purpose, and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The account subsequently went into arrears.

8. Thereafter, Defendant obtained The Account from RCH and/or the medical group affiliated with RCH and sent Plaintiff a written collection correspondence in an attempt to collect on The Account.

**B.     The Unlawful Collection Letter**

9. On or about August 29, 2017, Defendant sent Plaintiff an initial collection letter.  A redacted copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

10. In pertinent part, a particular disclosure on the front page of the Letter set forth:

ACCOUNT REFERRAL
THE ABOVE CLAIM AGAINST YOU HAS BEEN REFERRED TO THIS OFFICE FOR COLLECTION.
CEP AMERICA – CALIFORNIA / E20 HAS ASKED THAT WE CONTACT YOU REGARDING THIS ACCOUNT.  PLEASE PAY ANY UNDISPUTED PORTION, AND EXERCISE YOUR RIGHTS DESCRIBED BELOW IF YOU BELIEVE YOU DO NOT OWE THIS SUM.
PLEASE SEND YOUR PAYMENT DIRECTLY TO CEP AMERICA – CALIFORNIA / E20, OR CONTACT THEM AT 800-498-7157.
YOUR CREDIT REPUTATION IS VALUABLE.

### C. The Letter Misleads Plaintiff and Similar Consumers and is Deceptive

11. Under the FDCPA, validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

12. In stating that "…AND EXERCISE YOUR RIGHTS DESCRIBED BELOW IF YOU BELIEVE YOU DO NOT OWE THIS SUM", Defendant falsely and deceptively advises a consumer that he or she may only exercise his or her §1692(g) rights to seek validation of the alleged debt if he or she believes the debt is not owed. This overshadows and contradicts the 30 day dispute notice as no such requirement is mandated upon consumers per §1692(g).

13. Defendant's letter suggests to the least sophisticated consumer that the only reason one can exercise the right to request validation would be if the consumer doesn't believe the debt is owed. Such language lead Plaintiff as well would lead the least sophisticated consumer to believe that any other legitimate and lawful purpose (such as confirming that Defendant has rightfully been assigned the debt and has a legitimate right to seek collection of said debt) would be improper and/or illegal under the FDCPA.

14. The Letter is an example of form letters, substantially similar to hundreds if not thousands of letters sent to consumers across the country.

### CLASS ACTION ALLEGATIONS

**The Class**

15. Plaintiffs bring this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.

16. Plaintiffs seek to represent a class defined as:

> All consumers in the State of California who were sent a letter that is identical to or is substantially the same form as the Letter by or on behalf of

Defendant, within one year prior to the filing of this action and which was not returned as undeliverable.

**D.     Numerosity**

17.     The Letters are mass-mailed form letters that Defendant sends out to hundreds if not thousands of consumers in California and nationwide. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

18.     Upon information and belief, Defendant sent or caused to be sent hundreds or even thousands of similar deceptive Letters to consumers.

19.     The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

20.     Plaintiff reasonably believes that there are hundreds to thousands of consumers who are members of the class.

**E.     Common Questions of Law and Fact**

21.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

22.     The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA.

23.     The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

    a.     Did Defendant violate 15 U.S.C. §1692g(b) by engaging in conduct that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor (i.e., validation of debt)?

### F. Typicality

24. Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to her by Defendant.

### G. Protecting the Interests of the Class Members

25. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

26. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

27. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

### H. Proceeding Via Class Action is Superior and Advisable

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

29. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

30. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

**CLASS ACTION COMPLAINT**

32. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

33. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## I. Plaintiff and the Putative Class Have Article III Standing

34. As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated California consumers without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff and the putative class members harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

   b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving or interfering with Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

   c. Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as to be provided by

Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

d. Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain information be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

## COUNT I

## VIOLATIONS OF FDCPA SECTION 809(b), 15 U.S.C. § 1692G(B) BY OVERSHADOWING THE RIGHT TO DISPUTE A DEBT

35. Each and every allegation contained in paragraphs 1 through 34 of this Complaint is repeated, realleged and incorporated herein by reference.

36. FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(b) Disputed Debts

> If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section, that the debt, or any portion thereof, is disputed, or that the consumer

8
CLASS ACTION COMPLAINT

requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification and judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue through the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector that the debt, or any portion of the debt, is disputed, or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

37. The Letter overshadows the disclosure of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(b).

38. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class, Plaintiff be appointed as the representative of The Class, and that Plaintiff's Counsel be appointed as Class Counsel;

b. For statutory damages up to $1,000.00 per class member, or of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

c. For reasonable attorneys' fees and costs of suit;

d. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: November 9, 2017            **MARTIN & BONTRAGER, APC**

By:*/s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff

**EXHIBIT A**

THIS HAS BEEN SENT BY A COLLECTION AGENCY AND IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

914 14th Street
Post Office Box 480
Modesto, CA 95353

SINCE SCCS 1955
STANISLAUS CREDIT
CONTROL SERVICE, INC

(209) 523-1813
1(800) 838-7227
Fax:(209)524-4107

99592638-1
JOYCE CHAVEZ
~~5625 JACARA LN~~
~~MORENO VALLEY, CA 92555~~

REFERENCE NUMBER: 
BALANCE: $387.00

RE: CEP AMERICA - CALIFORNIA / E20
    800-498-7157

August 29, 2017

**ACCOUNT REFERRAL**
THE ABOVE CLAIM AGAINST YOU HAS BEEN REFERRED TO THIS OFFICE FOR COLLECTION. CEP AMERICA - CALIFORNIA / E20 HAS ASKED THAT WE CONTACT YOU REGARDING THIS ACCOUNT. PLEASE PAY ANY UNDISPUTED PORTION, AND EXERCISE YOUR RIGHTS DESCRIBED BELOW IF YOU BELIEVE YOU DO NOT OWE THIS SUM. PLEASE SEND YOUR PAYMENT DIRECTLY TO CEP AMERICA - CALIFORNIA / E20, OR CONTACT THEM AT 800-498-7157. YOUR CREDIT REPUTATION IS VALUABLE.

"THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV."

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

---

**PLEASE RETURN THIS PORTION WITH YOUR PAYMENT**

99592638-1
JOYCE CHAVEZ
~~5625 JACARA LN~~
~~MORENO VALLEY, CA 92555~~

REFERENCE NUMBER: 
BALANCE: $387.00

RE: CEP AMERICA - CALIFORNIA / E20
    RIVERSIDE COMMUNITY HOSP
    P.O. BOX 582663
    MODESTO, CA 95358

August 29, 2017

AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS. <u>BUT WE WILL NOT SUBMIT A NEGATIVE CREDIT REPORT TO A CREDIT REPORTING AGENCY ABOUT THIS CREDIT OBLIGATION UNTIL THE EXPIRATION OF THE TIME PERIOD DESCRIBED ABOVE.</u>